IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,032-01






EX PARTE KELVIN COFER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W09-00782-R IN THE 265TH DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated
robbery and received deferred adjudication community supervision. His guilt was later adjudicated,
and he was sentenced to fifteen years' imprisonment. The Fifth Court of Appeals affirmed his
conviction. Cofer v. State, No. 05-11-01007-CR (Tex. App. - Dallas, February 29, 2012)..

 Applicant contends that his counsel at adjudication rendered ineffective assistance because
counsel advised him to plead "true" to the allegations in the State's motion to proceed to
adjudication, advised him that he would receive drug treatment in lieu of prison time if he did so,
and failed to present evidence in mitigation of punishment. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order adjudication counsel to respond to Applicant's claims of ineffective assistance of counsel. 
Specifically, counsel shall state whether she promised Applicant that he would receive drug
treatment if he pleaded "true" to the allegations in the motion to proceed to adjudication. Counsel
shall also state whether she presented any evidence or argument in mitigation of punishment, and
if so, what that evidence was. The trial court may use any means set out in Tex. Code Crim. Proc.
art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's adjudication counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.

Filed: February 27, 2013

Do not publish